# EXHIBIT A

DISTRICT COURT OF THE COUNTY OF NASSAU
FIRST DISTRICT, CIVIL PART

INDEX NO.: CV-009150-22

Kenrick A. Jenkins
110 Brooklyn Avenue 4Q
Freeport, NY 11520

SUMMONS

(with FORMAL PLEADINGS)

Plaintiff(s)

-against-

Credit One Bank, N.A.
6801 S. Cimarron Road
Las Vegas, NV 89113

Defendant(s)

The basis of the venue designated is:
Plaintiff resides in Nassau County

To the above named defendant(s):

YOU ARE HEREBY SUMMONED and required to appear in the District Court of the COUNTY OF NASSAU, First District, at the office of the Clerk of the said court at **99 Main Street, Hempstead, in the County of Nassau**, State of New York, by serving an answer to the annexed complaint upon plaintiff at the address stated above within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Date: the 26th day of October, 2022

BRENDA HAYDEN
CLERK - CIVIL TERM

Clerk of the Court

Note: the law or rules of law provide that:

(a) If the summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Nassau you must answer within **20 days** after such service;

(b) If this summons is served otherwise than as designated in subdivision (a) above, you are allowed **30 days** to answer after the proof of service is filed with the Clerk of this Court.

(c) You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within **ten days** of the service of the answer.

CV-009150-22

**DISTRICT COURT COUNTY OF NASSAU**
**FIRST DISTRICT, CIVIL PART**
---------------------------------------------------------------X
Kenrick A. Jenkins,

                Plaintiff,

-against-

Credit One Bank, N.A.,

                Defendant,
---------------------------------------------------------------X

# COMPLAINT

# FORMAL PLEADINGS

Comes now the Plaintiff Kenrick A. Jenkins respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff, Kenrick A. Jenkins, is a natural person who resides at 110 Brooklyn Avenue 4Q, Freeport, NY 11520.

2. Defendant Credit One Bank, N.A. (hereinafter "Credit One") is a nationally chartered bank with its principal place of business at 6801 S. Cimarron Road, Las Vegas, NV 89113.

3. Upon information and belief Defendant operated on its' own behalf at all times or as an agent, affiliate, partner, or under the employ of an unknown entity.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 USC §1331 and pursuant to The Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681p).

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Upon information and belief Defendant accesses consumer credit reports from the national credit reporting agencies i.e. Experian, Equifax, Transunion and Innovis; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his Experian consumer credit report on or about September 12, 2022.

8. Plaintiff found after examining his Experian consumer credit report that the Defendant, Credit One had obtained the Plaintiff's Experian consumer credit report on September 13, 2021.

9. Discovery of the violation brought forth herein occurred on September 12, 2022 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

## FIRST CAUSE OF ACTION: 15 U.S.C.§1681b
## FAIR CREDIT REPORTING ACT VIOLATION

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

12. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

14. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bonafide offer of credit or insurance as a result of the inquiry.

16. Plaintiff has never had any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafied offer of credit from the Defendant Credit One.

17. On September 13, 2021, Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

18. At no time did Plaintiff give his consent for Credit One to acquire his consumer credit report

from any credit reporting agency.

19. The action of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of the Plaintiff's right to privacy, not to mention, the embarrassment, humiliation, powerlessness and other mental and emotional distress related to the alleged event.

20. The Defendant had the duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining the Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain the Plaintiff's credit report therefore, the Plaintiff is entitled to damages.

21. As a result of Credit One's willful practice of violating The Fair Credit Reporting Act, Credit One is liable under 15 U.S.C. §1681n for punitive damages in an amount sufficient to deter Credit One from engaging in this kind of illegal practice in the future. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

22. The Plaintiff is entitled to recover actual damages and/or statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff, Kenrick A. Jenkins prays that the Court enter an order against the Defendant, Credit One Bank, N.A., that:

1. Declares' that the Defendant's conduct violated the FCRA;

2. Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. §1681n (a)(1)(A) or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o,

3. Awards punitive damages as provided under the FCRA, pursuant to 15 U.S.C. §1681n (a)(2),

4. Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n (a) (3),

5. Other damages as allowed by the court.

Respectfully Submitted,

October 26, 2022

*Kenrick Jenkins*
Kenrick A. Jenkins, Plaintiff
110 Brooklyn Avenue 4Q
Freeport, NY 11520
516-425-2959
kjkidd13@gmail.com

## VERIFICATION

Kenrick A. Jenkins, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

Kenrick A. Jenkins, Plaintiff

Sworn to before me this
26 day of October, 20 22

Notary Public

JOHN A. FOCHTMAN
NOTARY PUBLIC, STATE OF NEW YORK
NO: 04FO6308885
QUALIFIED IN NASSAU COUNTY
COMMISSION TO EXPIRE 8/4/20